**Jovanna L. Patrick**, OSB #111339
Hollander, Lebenbaum & Gannicott
1500 SW First Avenue, Suite 700
Portland, Oregon 97201-5825
Telephone:     (503) 222-2408
Facsimile:     (503) 222-0659
E-mail:        jovanna@hollanderlaw.com
       Of Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **DANETTE K. ELPEL,**<br><br>Plaintiff,<br><br>v.<br><br>**LUKAS ANTHONY BIERL,** and **KAPLAN HOMES UNLIMITED LLC,** A Foreign Limited Liability Company,<br><br>Defendants. | USDC No.: 3:19-cv-00124<br><br>**COMPLAINT**<br>**(Negligence)**<br><br>Jury Trial Demanded |

### NATURE OF THE ACTION

1.

This is an action brought under common law state negligence for recovery of medical expenses, lost wages, expenses, and non-economic damages arising out of one or both Defendants' negligence in causing injuries to Plaintiff as described with more particularity below.

1 - **COMPLAINT**

## JURISDICTION AND VENUE

2.

This Court has jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1332, which provides that the district courts shall have original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. The value of this matter exceeds $75,000. Plaintiff is a citizen of the state of Oregon. Defendant Lukas Anthony Bierl ("Bierl") is an individual who is a citizen of the state of Washington. Defendant Kaplan Homes Unlimited LLC ("Kaplan Homes") is a foreign limited liability company in the state of Washington and has a principle place of business in the state of Washington.  Venue is appropriate in this District because Defendants conduct business in this District, and the acts complained of occurred in this District.

## PARTIES

3.

Plaintiff Danette K. Elpel is an individual residing in city of Hillsboro, county of Washington, state of Oregon.

4.

Defendant Bierl is an individual residing in city of Sedro Woolley, county of Skagit, state of Washington. Defendant Bierl was present in the state of Oregon as an employee in the course and scope of his employment with Defendant Kaplan Homes at the time of the incident and whose negligence caused, at least in part, Plaintiff's damages.

//

//

2 - **COMPLAINT**

5.

Defendant Kaplan Homes is a foreign limited liability company in the state of Washington and has a principle place of business in the city of Sedro Woolley, county of Skagit, state of Washington. Defendant Kaplan Homes conducts business in the state of Oregon, including employing Defendant Bierl to conduct its business in the state of Oregon at the time of the incident and whose negligence caused, as least in part, Plaintiff's damages.

6.

Defendant Kaplan Homes is vicariously responsible for the acts of its employees, independent contractors, and/or those who act on its behalf, including Defendant Bierl, under the theory of respondent superior.

**FACTS**

7.

On or about January 26, 2017, Plaintiff Elpel was operating her vehicle on public roads in the city of Beaverton, county of Washington, state of Oregon.

8.

At the same time and place, Defendant Bierl was operating a vehicle owned and/or operated by Defendant Kaplan Homes, was in the course and scope of his employment with Defendant Kaplan Homes, and was operating such vehicle behind Plaintiff's vehicle.

9.

At the same time and place, Plaintiff stopped at a red light traffic signal at the intersection of SW Farmington Road and SW Lombard Avenue in the city of Beaverton, county of Washington, state of Oregon.

10.

At the same time and place, Defendant Bierl crashed his vehicle into the back of Plaintiff's vehicle, pushing her vehicle into the intersection and causing Plaintiff's damages as described with more particularity below.

11.

Plaintiff demands a trial by jury.

12.

As a result of the forgoing, Plaintiff suffered injury, including but not limited to injury to her left fifth finger, her neck, her mid back, her low back, her sacrum, and her spine.  She also suffered an aggravation of her post-traumatic stress disorder.

13.

As a further result of the foregoing, Plaintiff has sustained medical expenses in the amount of $66,820 through approximately November, 2018.  Plaintiff continues to incur medical expenses. Some or all of Plaintiff's injuries may be permanent.

14.

As a further result of the foregoing, Plaintiff sustained lost wages in the amount of $27,894 through November 11, 2018. Plaintiff continues to incur lost wages at a rate of $601.25 per week.

15.

As a further result of the foregoing, Plaintiff sustained rental car expenses in the amount of $1,000.

//

4 - **COMPLAINT**

16.

As a further result of the foregoing, Plaintiff sustained health insurance premium expenses that would have been paid if she had been working of $256 through today. Plaintiff continues to incur this expense at a rate of $128.00 per month currently.

17.

As a further result of the foregoing, Plaintiff has suffered non-economic damages in the amount of $300,000.

**FIRST CLAIM**

(Negligence – Common-Law)

18.

Defendants had a duty to use reasonable care to avoid foreseeable harm to others, such as Plaintiff.

19.

Defendants knew or reasonably should have known of the foreseeable risks to Plaintiff from their actions.

20.

Defendants breached their duty to Plaintiff as their conduct unreasonably created a foreseeable risk to a protected interest of the kind of harm that befell the Plaintiff.

21.

Defendant Bierl's operation of his vehicle was negligent in the one or more of the following respects:

    a. He failed to keep a proper look out;

5 - **COMPLAINT**

    b. He failed to keep and maintain control of his vehicle;

    c. He was traveling at a rate of speed that was not reasonable and prudent under the circumstances then and there existing;

    d. He was following Plaintiff's vehicle too closely;

    e. He failed to apply his brakes in a timely manner;

    f. He failed to obey a traffic signal.

22.

Defendant Kaplan Homes is vicariously responsible for the acts of its employees, independent contractors, and/or those who act on their behalf, including Defendant Bierl, under the theory of respondent superior.

WHEREFORE Plaintiff prays for relief against Defendants, jointly and severally consistent with the above claims, as follows:

1) Economic damages of:

    1. Medical expenses through approximately November, 2018, in the amount of $66,820;

    2. Wage loss through November 11, 2018, in the amount of $27,894;

    3. Rental car expenses in the amount of $1,000;

    4. Medical premium expenses through today in the amount of $256;

2) Non-economic damages of $300,000; and

//

//

//

//

6 - **COMPLAINT**

3)        Costs and disbursements herein.

DATED this 25th day of January, 2019.

                                          Respectfully Submitted,

                                          HOLLANDER, LEBENBAUM & GANNICOTT

                                          /s/ Jovanna L. Patrick_____
                                          Jovanna L. Patrick, OSB #111339
                                             Of Attorneys for Plaintiff

7 - **COMPLAINT**